GEORGE C. BOUTON, Plaintiff, v. GEORGE A. FLEHARTY et al., Defendants, LOUIS P. PENFIELD et al., Appellants, and CHARLES D. SWAN et al., Respondents.

*Real property — partition — evidence — paper writing purporting to be will may be received as evidence of title though not probated in this State.*

*Bouton v. Fleharty,* 215 App. Div. 180, affirmed.

(Submitted April 2, 1926; decided May 4, 1926.)

APPEAL from a judgment, entered January 25, 1926, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an order of the court at a Trial Term setting aside a verdict in favor of defendants-respondents and granting a new trial, and directed reinstatement of said verdict and the entry of judgment thereon. The action was to partition real property. The question was whether the Supreme Court, in a partition action, in determining rights to an interest in the property the subject of the action as between various defendants, can give effect to a paper writing purporting to be a will, as an evidence of title, unless that paper writing has been properly probated in this State.

*J. Henry Esser* and *Raphael A. Carretta* for appellants. *Arthur M. Johnson* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and LEHMAN, JJ. Absent: ANDREWS, J.

---

BRADLEY J. HURD, Respondent, v. JOHN B. MEOLA, Appellant.

*Negligence — motor vehicles — collision between two automobiles — action to recover for damage to car.*

*Hurd v. Meola,* 215 App. Div. 861, affirmed.

(Argued April 2, 1926; decided May 4, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 13, 1926, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover

for injury to plaintiff's automobile through a collision with the automobile of defendant. The complaint alleged that on or about the 18th day of April, 1924, at about four-thirty o'clock in the afternoon, the plaintiff was driving his car in an easterly direction on the Buffalo and Batavia road known as Main street and after he had passed the intersection of said Main street with the Crittenden road in or near Newstead in Erie county, and while the defendant was driving his car in a westerly direction on said street that the defendant suddenly turned to the left across the center of the street onto the southerly side thereof and hit the plaintiff's car in the front and left side, and that defendant made the turn to the left without signaling and without warning. The defense was practically a general denial.

*Herbert C. Stratton* and *James S. Flanagan* for appellant. *Harold J. Adams* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE and LEHMAN, JJ. Absent: ANDREWS, J.

---

WALANTY JERZEWSKI et al., as Administrators of the Estate of STEPHEN JERZEWSKI, Deceased, Appellants, *v.* ERIE RAILROAD COMPANY, Respondent.

*Negligence — railroads — trespass — license — action to recover for death of intestate struck by train while on tracks — complaint properly dismissed.*

*Jerzewski* v. *Erie R. R. Co.*, 215 App. Div. 748, affirmed.

(Argued April 2, 1926; decided May 4, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 23, 1925, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate, while standing or walking on defendant's tracks was struck by one of defendant's trains and killed. Plaintiff